## Case No. 1,425.

### BIRCH et al. v. BUTLER.

[1 Cranch, C. C. 319.] [1]

Circuit Court, District of Columbia. June Term, 1806.

ATTACHMENT—AFFIDAVIT—PLEADING—AMENDMENT.

1. In order to obtain an attachment under Act Md. 1795, c. 56, it is not necessary that all the plaintiffs should make the affidavit, nor that it should appear that they were citizens of the United States.

[See Kurtz v. Jones, Case No. 7,954; Decatur v. Young, Id. 3,722; Hard v. Stone, Id. 6,046.]

2. The writ of attachment and the capias may be amended by inserting the Christian names of the plaintiffs, by the leave of the court, before condemnation.

Attachment under Act Md. 1795, c. 56, [in suit by Birch & Small against Butler.]

Mr. Morsell and Mr. Dorsey, 1. Objected that the oath was made by Small only. 2.

[1] [Reported by Hon. William Cranch, Chief Judge.]

That the Christian names of Birch & Small are not mentioned, either in the writ of capias, or of attachment, nor in the affidavit. 3. That it must appear on the papers that the plaintiffs were citizens of the United States. The act was made for a certain class of people, for citizens of the United States only. If an insolvent law · applies only to citizens of Maryland, it must be shown that they are citizens.

THE COURT stopped Mr. F. S. Key as to the 1st objection.

Mr. F. S. Key. As to 2d, the omission of the Christian name does not affect the merits. This objection would not prevail on a motion in arrest of judgment. It could only be taken advantage of by a special demurrer.

THE COURT refused to quash the attachment and suffered the plaintiff to amend the capias and attachment, by inserting the Christian names. They did not think it necessary that the plaintiffs should aver themselves to be citizens of the United States.